IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TINA STEINER, | ) | Case No. 3:21-cv-00074 |
| | ) | |
| Plaintiff/Petitioner | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant/Respondent. | ) | |

Plaintiff, Tina Steiner, filed a Complaint, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff sought judicial review of the final decision of the Commissioner of Social Security, denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. 1).

Background

Plaintiff has suffered from a myriad of medical issues since 2017, including chronic back pain, headaches, wrist pain, depression, and anxiety. (Doc. 12, pgID 1349). In 2018, Plaintiff underwent back surgery as she was diagnosed with lumbago, degenerative disc disease, and lumbar and sacral spinal enthesopathy. (*Id.*). After her surgery, Plaintiff was involved in a car accident and returned to the hospital presenting with pain, numbness, tingling, and weakness, which necessitated walking with a cane. (*Id.*). She underwent a therapeutic sacroiliac injection in

1

December 2018 and was seen at the request of the Social Security Administration by Dr. Michael Wuebker, Ph.D., one month later in January 2019. (*Id.*).

In addition to physical issues, Plaintiff suffers from depression and anxiety. The bulk of her mental health care was provided by Dr. Thomas Osinowo. (Doc. 11, pgID 852, 857, 1331, 1335, 1339-40).

Plaintiff applied for DIB on October 24, 2018 and SSI on October 29, 2018. (Doc. 11, pgID 264-74). She asserted she was disabled due to : 1.) back problems, 2.) hip problems, 3.) knee pain, 4.) migraines, 5.) anxiety, and 6.) depression. (*Id.* at 305-15). The SSA denied Plaintiff's applications initially and upon reconsideration. (*Id.* at 68, 74). So, she requested a hearing before an ALJ. (*Id.* at 209-10).

The original matter was assigned to Administrative Law Judge ("ALJ") Carrier Kerber, who held a hearing on January 8, 2020 and issued a decision in favor of the Commissioner on March 19, 2020, denying all benefits Plaintiff sought. (Doc. 11, pgID 74).

ALJ Kerber, ruled Plaintiff's DIB claim was barred by res judicata, due to prior applications. She further determined at Step Four of the sequential evaluation process that Plaintiff, with some exceptions, had the residual functional capacity ("RFC") to perform sedentary work. (Doc. 11, pgID 83). Denying the SSI claim, she ruled a person with Plaintiff's age, experience, and RFC could find employment as a preparer, cashier or inspector/sorter and therefore, Plaintiff is not disabled.(*Id.* at 89-90). On November 9, 2020, the Appeals Council denied further review, and Plaintiff sought judicial review from this Court. (Doc. 1).

Plaintiff argued: 1.) ALJ Kerber, failed to comply with 20 C.F.R. § 404.1520c by improperly evaluating the opinions of her treating physician, Dr. Osinowo; and 2.) the ALJ did not have authority to hear the case because of an unconstitutional delegation of authority to the

Commissioner that violated Constitutional separation of powers. (Doc. 12, pgID 1348-62).[1]

Plaintiff filed for administrative review of the ALJ's decision, which was denied. (Doc. 1, pgID 68). The Court referred this matter to a Magistrate Judge pursuant to Local Rule 72.2. On May 18, 2022, Magistrate Judge Thomas Parker, affirming the Commissioner's decision that denied Plaintiff DIB and SSI, ruled Plaintiff has not "suffered a particularized and traceable injury" from the alleged unconstitutional argument. (Doc. 16). Magistrate Judge Parker also ruled the ALJ did not misevaluate Dr. Osinowo's opinion.

Plaintiff filed Objections to the Magistrate Judge's Report on June 1, 2022. (Doc. 17). Dropping the separation of powers argument raised before the ALJ, Plaintiff points to a single argument. Namely, that the ALJ violated 20 C.F.R. §404.1520c by failing to properly evaluate both the supportability and the consistency factors when determining the persuasiveness of Dr. Oswino's opinions. (*Id.* at 1470).

The Commissioner filed its response the following day, reasserting its arguments made in the original brief before ALJ Kerber. (Doc. 18, Ref., Doc. 13). As outlined below, I affirm the

---

[1] Specifically, Plaintiff argued the statute governing removal of the SSA Commissioner, 42 U.S.C. § 902(a)(3), implicates the same concerns that the Supreme Court addressed in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020) (vacating civil investigative demand of CFPB; holding statutory framework of protected employment of agency director with vast executive and adjudicatory powers violated Separation of Powers Clause; and remanding to lower court for determination of whether statutory framework could be dissected for enforcement of the CFPB's subpoena). *Id.* at 2197.

Defendant agreed that § 902(a)(3) is unconstitutional but argued remand is unwarranted. because under *Collins v. Yellen*, 141 S. Ct. 1796 (2021), Plaintiff must show that the removal provision actually caused her harm. Furthermore, Defendant argued the ALJ was appointed by the *Acting* Commissioner, who as an at-will employee could be removed at any time. Therefore, no separation of powers issue existed. Doc. 13, pgID 1366). In response, Plaintiff pointed to six asserted resulting injuries. (Doc. 15, pgID 1422-3).

The ALJ found Plaintiff failed to establish "an injury in fact" traced to the unconstitutional removal statute. (Doc. 16, pgID 1459). The Magistrate Judge noted the *Collins* Court directly addressed this, holding the unlawfulness of a similar removal provision did not strip the relevant executive officer "of the power to undertake the other responsibilities of his office." (*Id.* at 1460). He therefore ruled, because Plaintiff failed to meet her burden, he need not decide the merits of Plaintiff's constitutional challenge. (*Id.* at 1462).

Magistrate Judge's Order upholding the findings of the ALJ and deny Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

Legal Analysis

Plaintiff's sole objection is based on the argument that the ALJ "glossed over" the severity of her mental health condition. (Doc. 17, pgID 1470-1). In support, Plaintiff relies on 20 C.F.R. § 404.1520c ("How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017").

This rule does require, as Plaintiff argues, for the ALJ to consider both the supportability and consistency among other listed factors. Essentially, the more "relevant" and the more "consistent" the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…the more persuasive…." 20 C.F.R. §404.1520c(c)(1),(2).

Plaintiff argues the record contains more than a few treatment notes documenting the "severity of [Plaintiff's] mental health condition." (Doc. 17, pgID 1471). However, as Plaintiff concedes, the ALJ is not required to discuss every piece of evidence.

In her brief in support of judicial review, Plaintiff asserted the ALJ erred by not properly considering the treatment notes Dr. Osinowo provided in support of his opinion and that the ALJ's characterization of the record, with regard to the consistency factor, was erroneous. (Doc. 12, pgID 1354-7). Defendant argued this was not error because Dr. Osinowo's opinions were in checkbox forms with no explanation and therefore deficient. (Doc. 13, pgID 1377-8).

At Step Four of the sequential evaluation process, the ALJ must determine a claimant's RFC after considering all the medical and other evidence in the record. 20 C.F.R. § 416.920(e). In doing so, the ALJ is required to "articulate how [she] considered the medical opinions and prior administrative medical findings." 20 C.F.R. § 416.920c(a). The Magistrate Judge found the

ALJ "applied the proper legal standards and reached a decision supported by substantial evidence in finding Dr. Osinowo's opinion unpersuasive." (Doc. 16, pgID 1463) (citing 42 U.S.C. § 1383(c)(33); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

The Magistrate Judge noted that the ALJ made an erroneous factual statement and referred to Dr. Osinowo's treatment notes as both inconsistent and supported when comparing them to other medical records. However, the Magistrate Judge found this to be possible confusion on the ALJ's part and legally harmless error. (*Id.* at 1457). He further found Plaintiff's argument that the ALJ's opinion could have been more expansive correct. (*Id.* at 1464). Instead, pointing to inconsistencies in both Plaintiff's testimony and the doctors' own treatment notes, the Magistrate Judge, in upholding her decision, found the ALJ "identified and provided justifications for finding that Dr. Osinowo's opinion was both unsupported and inconsistent." (*Id.* citing 20 C.F.R. § 416.920c(c)).

Review on Objections

Upon judicial review, the court reviews the Commissioner's final decision to determine whether it was supported by substantial evidence and whether proper legal standards were applied. 42 U.S.C. § 1383(c)(3); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d at 241. "Substantial evidence" is not a high threshold for sufficiency. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Under this standard, the reviewing court does not decide the facts anew, evaluate credibility, or re-weigh the evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Conversely, if the Commissioner failed to apply proper legal standards, the reviewing court will not uphold the ALJ's decision, unless the legal error is harmless. *Bowen*

*v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006). ("[A] decision . . . will not be upheld [when] the SSA fails to follow its own regulations and [when] that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

The Magistrate Judge found the ALJ did not mention the checkbox form of Dr. Osinowo's opinion; therefore that could not be used to justify the ALJ's actions. (Doc. 16, pgID 1466). Yet, he found the ALJ satisfied her obligations under the regulations and reached a determination supported by substantial evidence, such as treatment notes indicating that, among other things: 1.) Plaintiff's thought processes were normal; 2.) she was cooperative and participative; 3.) Plaintiff only missed work "a couple of times" in two years; 4.) she took care of her children and home; 5.) she got along with others; 6.) she had hobbies; and 7.) Plaintiff had little difficulty following instructions. (*Id.* at 1466-7).

In addition, in its review, the court is required to look beyond a benign mistake and consider the decision as a whole. *Buckhannon ex. Rel. J.H. v. Astrue*, 368 F. App'x. 674, 678-9 (7th Cir. 2010). The Magistrate Judge did just this and found the ALJ created a "logical bridge" between the evidence and her determination to permit meaningful review. *Fleischer v. Astrue*, 774 F. Supp.2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Charter*, 78 F.3d 305, 307 (7th Cir. 1996)).

The Magistrate Judge found, as do I, Defendant's decision to deny Plaintiff DBI and SSI benefits is supported by substantial evidence when applying appropriate legal standards. After review on Plaintiff's objections, I do not find the ALJ failed properly to consider certain evidence or somehow failed in her analysis of the factors outlined in 20 C.F.R. § 404.1520c. I therefore deny Plaintiff's request to remand this matter for further proceedings.

6

It is therefore hereby **ORDERED** that:

1. Plaintiff's Objections (Doc. 17) to the Magistrate Judge's Report and Recommendation (Doc. 16) are overruled;

2. Defendant's decision to deny Plaintiff's application for DIB and SSI benefits is hereby affirmed;

3. This matter is hereby dismissed.

So ordered

/s/ James G. Carr<br>Sr. U.S. District Judge